OPINION OF THE COURT
C. Raymond Radigan, J.
In this probate proceeding, the propounded instrument contains the testatrix’ and witnesses’ signatures on the third of four pages, raising a question of the effect of the failure to sign “at the end” as required by EPTL 3-2.1.
Page 1 of the will contains an article identifying individuals and defining terms and a second article naming the decedent’s nephew as executor. Page 2 contains an article (III) directing payment of debts and taxes and directions as to funeral arrangements. A second article (IV) contains two specific bequests and two general legacies. The last article (V) on page 2 is entitled “Residuary Estate” and contains a paragraph “A” defining the term “residuary estate”. The page is numbered “2”. Page 3 upon which the signatures appear, together with the attestation clause contains an article “Other Provisions” (VI) which are nondispositional in nature and is unnumbered. Page 4 which is numbered page “3” starts paragraph “B” which would be the logical continuation of the last article entitled “Residuary Estate” and disposes of the residuary estate to the decedent’s nephew, who is her sole distributee. The page ends with a powers clause (another V).
An affidavit supplied by the attorney-draftsman indicates that the will was improperly stapled immediately prior to its execution with page 3 following page 4 on which *810 the decedent’s signature was placed. Apparently no attempt was made to correct the misstapling because the attorney was of the opinion “to do so would have given cause to believe that it might have been tampered with”. There was also an obvious mislabeling of paragraphs by number.
EPTL 3-2.1 (subd [a], par [1]) requires that the testator sign the will “at the end” and provides that matter other than the attestation clause, which follows the testator’s signature, is ineffective. The rule in effect prior to the enactment of EPTL 3-2.1 (subd [a], par [1]) rendered the entire will invalid where the testator had failed to sign “at the end” on the theory the testator intended his will to operate as a whole and the court could not make a will for the testator which he had not made for himself (2 Page, Wills [Bowe-Parker revision], § 19.72). The present statute however is more liberal and attempts to preserve matter preceding the signature as it appears on the will at its execution with the exception that “such matter preceding the signature shall not be given effect, in the discretion of the surrogate, if it is so incomplete as not to be readily comprehensible without the aid of matter which follows the signature, or if to give effect to such matter preceding the signature would subvert the testator’s general plan for the disposition and administration of his estate” (EPTL 3-2.1, subd [a], par [1], cl [A]).
While the original English rule was similar to our former rule in voiding the entire will for failure to sign at the end, under an 1852 amendment the English courts now hold that the matter preceding the signature is valid and the remainder is invalid (Atkinson, Wills [2d ed], pp 306-307). Some commentators have observed that “the validity of the will ought to depend upon the relative importance of the provisions which follow the testator’s signature; that will being invalid if such provisions are an essential, inseparable part of the will; and not being invalid if they are minor provisions, the failure of which, for other reasons, would not disrupt nor substantially alter the testator’s testamentary plan” (2 Page, Wills [Bowe-Parker revision], § 19.72, p 169).
*811 While this suggested test seems reasonable, it does not appear to be the test adopted by the New York statute, which is more closely related to the revised English position. There appears no intimation in the statute that the validity of matter preceding the signature depends upon the relative importance of the provisions which follow the testator’s signature. The statute’s exception to preserving matter preceding the signature is based either on the subject matter being so “incomplete as not to be readily comprehensible without the aid of matter which follows the signature, or if to give effect to such matter preceding the signature would subvert the testator’s general plan for the disposition and administration of his estate” (EPTL 3-2.1, subd [a], par [1], cl [A]). Certainly, the appointment of the executor and the specific bequests which precede the signatures in this propounded instrument are complete in themselves and comprehensible, needing no matter following the signatures to aid in interpretation. In addition, giving effect such matter as precedes the signatures does not “subvert” the testator’s plan but obviously preserves it to the extent possible.
Accordingly, the propounded instrument not being signed at the end, all material preceding the signature of the testatrix is held to be valid and all matter following the signature shall be given no effect. The residuary estate will pass by intestacy (EPTL 4-1.1). Here, fortuitously, the entire testamentary plan has been preserved since the nephew, being the sole distributee, is entitled to the balance of the estate.